UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA DAVIS,<br><br>   Plaintiff,<br><br>v.<br><br>NORDSTROM, INC. d/b/a NORDSTROM CREDIT SERVICES a/k/a NORDSTROM CARD SERVICES<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT  1:17-cv-04765<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, VANESSA DAVIS ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NORDSTROM, INC. d/b/a NORDSTROM CREDIT SERVICES a/k/a NORDSTROM CARD SERVICES ("Nordstrom") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Nordstrom conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

8. Nordstrom is an American chain of luxury department stores headquartered in Seattle, Washington, Chicago, Illinois, and New York, New York. Nordstrom is a corporation registered in the State of Illinois and its registered agent is Corporate Creations Network located at 350 South Northwest Highway, Suite 300, Park Ridge, Illinois 60068. Nordstrom is also engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

9. In or around Fall, 2014, Plaintiff opened a charge card account ("subject debt") with Nordstrom.

10. Plaintiff subsequently began falling behind on her payments and ultimately defaulted on the subject debt.

11. In August 2016, Nordstrom began placing unwanted collection calls to Plaintiff's cellular telephone ending in 2047.

2

12. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of this cellular telephone number. Plaintiff is, and has always been, financially responsible for this cellular phone and its services.

13. Plaintiff received the unwanted calls from the telephone numbers 866-491-7864, 888-843-9802, and 866-445-0433, all of which are associated with Nordstrom.

14. In or about August 2016, Plaintiff answered a phone call from a Nordstrom representative attempting to collect the subject debt. In response, Plaintiff demanded that Nordstrom stop placing calls to her cellular phone.

15. When this call from Nordtrom connected, there was an audible click from the receiver indicating that the call was placed using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. §227(a)(1). [1]

16. Upon information and belief, the ATDS employed by Nordstrom transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

17. Notwithstanding Plaintiff's requests that Nordstrom's collection calls cease, Nordstrom placed or caused to be placed no less than 30 harassing phone calls to Plaintiff's cellular phone ending in 2047between August 2016 through May 2017 ("the relevant time period").

18. Plaintiff requested that Nordstrom cease placing calls to her cellular phone on no less than 3 separate occasions.

19. In another call made by Nordstrom during the relevant time period, when Plaintiff informed the Nordstrom representative that she had previously asked to Nordstrom to stop calling, the

---

[1] In all subsequent calls that Plaintiff answered, there was an audible click indicating that an ATDS was used to make the calls.

Nordstrom representative advised, "I don't know who you were talking to, but it wasn't to me." Upon information and belief, the representative's name was "Lisa."

20. Plaintiff's demands that Nordstrom's phone calls cease fell on deaf ears and Nordstrom continued its phone harassment campaign.

21. In light of the frequency of the calls, it can be further inferred that Nordstrom utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted calls to Plaintiff's cellular phone.

22. The calls Nordstrom placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

### DAMAGES

23. Plaintiff has suffered and continues to suffer from emotional distress, and Nordstrom's conduct has exacerbated Plaintiff's pre-existing anxiety.

24. Plaintiff's pre-existing anxiety has been exacerbated by the frequency of the calls placed to her cellular phone by Nordstrom.

25. Plaintiff has sought, and continues to seek, medical treatment for her condition.

26. Nordstrom's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

27. Nordstrom's unlawful collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, increased risk of personal injury due to the distraction caused by the phone calls, exacerbation of anxiety, medical bills, diminished value and utility of her telephone equipment and telephone subscription services, the loss of battery charge, the loss of

battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

28. Concerned about the violations of her rights, invasion of her privacy, and her health, Plaintiff sought the assistance of counsel to cease Nordstrom's collection tactics.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Nordstrom placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

31. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

32. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

33. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

34. Upon information and belief, the predictive dialing system employed by Nordstrom transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

35. Nordstrom violated the TCPA by placing no less than 30 calls between August, 2016 and May, 2017 to Plaintiff's cellular phone, using an ATDS. Moreover, Plaintiff demanded that Nordstrom cease calls to her cellular phone on no less than 3 separate occasions during the phone calls she answered.

36. As pled above, Plaintiff was severely harmed by Nordstrom's collection calls to her cellular phone.

37. Upon information and belief, Nordstrom has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

38. Upon information and belief, Nordstrom knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

39. Nordstrom, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Nordstrom is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Nordstrom's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff VANESSA DAVIS requests that this Honorable Court:

a. Declare Nordstrom's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

41. Plaintiff restates and reallages paragraphs 1 through 28 as through fully set forth herein.

Case: 1:17-cv-04765 Document #: 1 Filed: 06/26/17 Page 7 of 9 PageID #:7

42. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

43. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

44. Nordstrom is engaged in commerce in the State of Illinois with regard to Plaintiff. Nordstrom specializes offering credit services and debt collection, which are an activities within the stream of commerce and utilized in its regular course of business.

45. Nordstrom violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect the subject debt from Plaintiff.

### a. Unfairness

46. It was unfair for Nordstrom to seek to collect from Plaintiff the subject debt through relentless harassing phone calls to her cellular phone attempting to induce her into making a payment.

47. It was unfair for Nordstrom to place or cause to be placed no less than 30 phone calls to Plaintiff's cellular phone between August, 2016 and May, 2017 without her consent.

48. It was unfair for Nordstrom to continue placing calls to Plaintiff after she demanded that the calls cease on no less than 3 separate occasions.

49. Nordstrom's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to her cellular phone.

50. Moreover, Nordstrom's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy.

51. Upon information and belief, Nordstrom systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

52. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Nordstrom and is done on a large scale.

53. Moreover Nordstrom's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

54. As alleged above, Plaintiff was substantially harmed by Nordstrom's misconduct.

55. An award of punitive damages is appropriate because Nordstrom's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the innumerable phone calls.

WHEREFORE, Plaintiff VANESSA DAVIS requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Nordstrom;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: June 26, 2017                                         Respectfully Submitted,

/s/ Majdi Y. Hijazin
Majdi Y. Hijazin*, Of Counsel*
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188
mhijazin@hijazinlaw.com